### No. 282
### LEVINE et v. GOODMAN et

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2676. Decided Nov. 9, 1925

1197. TRUSTS—In absence of any disputed evidence that trust was not created; or created for purpose of defrauding creditors, the court must assume that no such testimony was available and that a trust was established by clear and convincing evidence.

CUSHING, J.

Action appealed from Hamilton Common Pleas in which it was attempted to marshal liens against Max Goodman to determine their priority for sale of property and distribution of proceeds according to priority.

Goodman in his answer admitted that Oscar Levine et al had recovered judgment against him for $2460.36; admitted transfer to him by Lottie Goodman, of property in question and claims that such property was transferred to him to enable him to sign bonds in Police Court of Cincinnati; that equitable title remained in Lottie Goodman subject only to liability which might accrue by reason of any bond signed by him. He denied all other allegations. Lottie Goodman's testimony was corroborative of all this.

The testimony is practically undisputed to the effect that Mrs. Goodman purchased the property with her money and with that borrowed from the Building Association; and that a trust was created at the time of the execution of the deed from her to her husband. The property was transferred pursuant to the trust and afterwards, on demand, the legal title was re-transferred to Mrs. Goodman. The Court of Appeals held:

1. It is only fair to assume that the words "other good and valuable consideration" meant the wife's desire to help her husband out of the position in which he had placed himself by signing an affidavit that he was owner of the real estate in question.

2. The judgment here sought to be enforced was no part of that transaction and she should not be required to pay his debt that was in no way connected with the transaction, or transfer and trust agreement.

3. When Levine's judgment was taken in 1922, Lottie Goodman did not own the property. She purchased same in 1923 and entered into the trust agreement in 1924.

4. Credit was not extended to Max Goodman on account of any real estate that he

owned or was standing in his name when the debt was contracted.

5. A trust must be established by clear and convincing evidence and in absence · of any disputed evidence which would lead to the conclusion that a trust was not created; or created for the purpose of defrauding creditors, the court must assume that no such testimony was available and that a trust was established by clear and convincing evidence.

6. Equities are with the Goodmans and judgment will be entered for them.

Decree accordingly.

Attorneys—Nichols, Morrill, Stewart & Ginter for Levine; Froome Morris for Goodman; all of Cincinnati.